MADDOX, Justice.
Great Southwest Fire Insurance Company appeals from a declaratory judgment that it is liable to defend appellees, alleged insureds, in a tort action brought against them.
Great Southwest issued a policy of liability insurance through a broker, the Darden Agency, in which G. W. Burch, Sr., was named insured. G. W. Burch, Sr. was doing business under the name of Burch Construction Company. The policy was to be effective for two months while Burch Construction was under a contract with Coosa Welding Company to perform certain dredging operations on land owned by American Cyanamid.
At the time the policy was issued, G. W. Burch, Sr. was deceased. Burch Construction Company was being operated by Mrs. G. W. Burch, G. W. Burch, Jr. and Jimmy C. Walker. There was some evidence that the broker knew that G. W. Burch, Sr. was deceased at the time application, for the insurance was made.
During the performance of the dredging contract, Billy Eugene Peters was killed. There was a dispute whether Peters was an employee or an independent contractor of Burch. We need not decide that issue. Linda Peters, wife of the deceased workman, brought suit for wrongful death against Burch Construction, American Cyanamid and Coosa Welding. American Cyanamid brought in Mrs. G. W. Burch, Sr., G. W. Burch, Jr. and Jimmy C. Walker as third party defendants, who called upon Great Southwest to defend them..
Great Southwest filed this declaratory judgment action and sought a determination whether it was obligated to defend Burch Construction Company or any of the present owners, Mrs. G. W. Burch, G. W. Burch, Jr., and Jimmy C. Walker in relation to the Peters suit.
The primary issue presented by Great Southwest on appeal is whether the policy of insurance issued by Great Southwest to G. W. Burch, Sr. provides coverage to Mrs. G. W. Burch, G. W. Burch, Jr. and Jimmy C. Walker, as named insureds.
Great Southwest argues that there is no evidence to support the trial court’s finding that the policy should be reformed because of a mutual mistake or its finding that changing the named insured did not materially increase the risk of loss assumed by it. We disagree. We think that there was substantial evidence to support the trial court’s determination that the mutual intent of the parties was to insure the owner or owners of the contract rights for the specific dredging job and for a specific period of time.
We find this case is strikingly similar to Highlands Underwriters Ins. Co. v. Eleganté Inns, 361 So.2d 1060 (Ala.1978), where this Court held that the remedy of reformation is available to establish the true agreement between the parties by making the agreement express the real intent of the parties.
The judgment of the lower court is due to be, and is, affirmed.
AFFIRMED.
TORBERT, C. J., and JONES, SHORES • and BEATTY, JJ., concur.